IN RE EFIRD

[114 N.C. App. 638 (1994)]

---

IN THE MATTER OF CAROLYN LOUISE EFIRD; RUBY LEE EFIRD ALMOND
AND MARY ELIZABETH EFIRD TUCKER, TESTAMENTARY GUARDIANS

No. 9320SC380

(Filed 3 May 1994)

Incompetent Persons § 12 (NCI4th) — adult daughter not declared incompetent — appointment of guardian in will ineffective

A testatrix may not appoint guardians for an adult daughter through the language of her will when the daughter has not been declared incompetent pursuant to the provisions of N.C.G.S. Ch. 35A.

Am Jur 2d, Incompetent Persons §§ 8-25.

(RUBY LEE EFIRD ALMOND AND
MARY ELIZABETH EFIRD TUCKER — APPELLANTS)

Appeal by appellants Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker from order entered 19 November 1992 by Judge James M. Webb in Stanly County Superior Court. Heard in the Court of Appeals 2 February 1994.

This action arises out of an order from the Clerk of Superior Court, Stanly County, in which he appointed Mable Juanita Efird

**IN RE EFIRD**

[114 N.C. App. 638 (1994)]

Carriker as a successor "Testamentary Guardian" of Carolyn Louise Efird, and revoked the letters of testamentary guardianship of Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker, finding that "[i]t is not in the best interest of Carolyn Louise Efird that the Co-Guardianship of Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker continue."

Mrs. Almond and Mrs. Tucker were appointed "testamentary guardians" to their sister, Carolyn Louise Efird, pursuant to the last will and testament of their mother, Daisy Lee Hinson Efird, who died in Stanly County, North Carolina, on 29 February 1988. From 1988 through 1992, the sisters acted as guardians in behalf of Carolyn. All required accountings were submitted to the clerk, and no disputes arose among any of the parties until 1992. During 1992, a controversy apparently arose between the co-guardians.

As a result of the controversy the clerk, on his own motion, issued a notice to the guardians and their brothers and sisters stating that "[t]he purpose of this hearing is to review the Annual Account that was filed by the Guardians on July 30, 1992, and to determine if this guardianship should be allowed to continue with the present fiduciaries." A hearing on the matter was held on 20 August 1992. Upon taking of all the evidence, the clerk found:

1. That the Co-Testamentary Guardians cannot agree on the care and custody of Carolyn Louise Efird and they cannot work together in the best interest of Carolyn Louise Efird.

2. That Ruby Lee Efird Almond has refused on many occasions to allow Carolyn Louise Efird to visit in the home of Mary Elizabeth Efird Tucker and has refused to allow Carolyn Louise Efird to stay for any extended period of time in the home of Mary Elizabeth Efird Tucker.

3. That Mary Elizabeth Efird Tucker has complained and continues to complain to the Clerk of Superior Court that her sister and co-guardian, Ruby Lee Efird Almond will not allow Carolyn Louise Efird to travel to Oakboro, North Carolina to stay overnight or to live part-time in the residence of Mary Elizabeth Efird Tucker.

Based on these facts, the clerk revoked the sisters' guardianship of Carolyn Louise Efird. This order was appealed to the Superior Court by Ruby Lee Efird Almond. The superior court judge reviewed the findings and conclusions of the clerk's order, found

that those facts were supported by competent evidence and affirmed the order of the clerk. No trial on the issue of incompetency has ever been held. The original testamentary guardians appeal the order of the clerk of the superior court and its subsequent affirmation by the trial judge. Those orders have been stayed pending the outcome of this appeal.

*Eugene C. Hicks, III, for appellants Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker.*

*No brief filed for appellee.*

ORR, Judge.

The fundamental issue before this Court is whether a testatrix may appoint guardians for an adult daughter through the language of her will when the daughter has not been declared incompetent pursuant to the provisions of N.C. Gen. Stat. § 35A. The appellants, the "testamentary guardians" named in the will as guardians of their disabled sister, argue that the Clerk of the Superior Court was without authority to appoint them as guardians under their mother's last will and testament, and that he was accordingly without power to revoke their guardianship pursuant to the provisions of N.C.G.S. § 35A-1290(c)(8) and appoint a fourth sister as substitute guardian to Carolyn Louise Efird. We hold that the terms of a will may not create a guardianship for an adult heir who has not been declared incompetent through the provisions of Chapter 35A and therefore vacate all orders of the lower court and remand for the purposes set forth below.

In the instant case, the mother of all of these parties, Daisy Lee Hinson Efird, included the following provision in her will:

### ITEM FOUR

I hereby will, devise and bequeath to my beloved daughter, Carolyn Louise Efird, . . . a lifetime interest in and to the real property hereinafter described and referred to as the "homeplace." I further direct that for so long as my said daughter shall continue to reside at the homeplace, the household and kitchen furnishings situated therein at the time of my death, . . . shall remain at said premies [sic] for the use and enjoyment of my said daughter. . . .

I hereby will and devise the homeplace, subject to the life estate conveyed herein, to my daughters, Ruby Lee Efird

Almond and Mary Elizabeth Efird Tucker, subject to the condition precedent that they care and provide for the said Carolyn Louise Efird, for so long as she may live. I further direct that Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker serve as the guardians of the person and property of Carolyn Louise Efird, for so long as she may live. . . . In the event that Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker should predecease Carolyn Louise Efird, or otherwise become unable to care and provide for the said Carolyn Louise Efird, . . . I direct that my daughter, Mable Juanita Efird Carriker, shall care and provide for my said daughter, for so long as she might live. . . .

Mrs. Daisy Efird died on 29 February 1988. Subsequent to her death, an application for letters of testamentary guardianship was filed with the clerk by Mrs. Almond and Mrs. Tucker on 8 June 1988. On the same date, the clerk issued an order finding that the above language created a guardianship and further finding that "said Carolyn Louise Efird is incompetent of want of understanding to manage her own affairs . . . ." He then ordered letters of testamentary guardianship issued to the sisters.

It is commonly stated that "the intention of the testator shall govern 'unless it violates some rule of law, or is contrary to public policy.'" N. Wiggins and R. Braun, *Wills and Administration of Estates in North Carolina*, § 133 (3d Ed. 1993). It is apparent that Mrs. Efird intended that Carolyn's sisters, appellants here, take care of Carolyn and her property for the rest of her life. While there is no evidence in the record, the appellants' brief indicates that Carolyn Efird has Down's Syndrome.

Under certain circumstances in North Carolina, a guardian may be appointed to handle the affairs of an adult if that adult is found to be incapable of doing so on his or her own. However, Chapter 35A "establishes the exclusive procedure for adjudicating a person to be an incompetent adult or an incompetent child." N.C.G.S. § 35A-1102 (1987). In such cases, "[t]he clerk in each county shall have original jurisdiction over proceedings under this Subchapter." N.C.G.S. § 35A-1103 (1987). Upon petition for the adjudication of incompetence, the respondent is entitled to his own counsel or, alternatively, an attorney as guardian ad litem shall appointed by the clerk. Further, due process requirements must be met pursuant to Rule 4 of the Rules of Civil Procedure, and the respondent has a right to a jury trial.

For purposes of the case at bar, the petitioners would be required to prove that their sister was "an adult . . . who lacks sufficient capacity to manage [her] own affairs or to make or communicate important decisions concerning [her] person, family, or property whether such lack of capacity is due to mental illness, mental retardation, epilepsy, cerebral palsy, autism, inebriety, senility, .disease, injury, or similar cause or condition." N.C.G.S. § 35A-1101(7) (1987). "If the respondent is adjudicated incompetent, a guardian or guardians shall be appointed in the manner provided for in Subchapter II of this Chapter." N.C.G.S. § 35A-1120 (1987). Incompetency must be proven by clear, cogent, and convincing evidence. N.C.G.S. § 35A-1112(d) (1987). While it is true that pursuant to N.C.G.S. § 35A-1225 (1987), a "parent may by last will and testament recommend a guardian for any of his or her minor children, . . ." a last will and testament cannot operate to appoint a guardian for an adult child regardless of the disability. The superior court judge reviewed only the revocation of the testamentary guardianship in this matter. While an "[a]ppeal from an order adjudicating incompetence shall be to the superior court for hearing *de novo* and thence to the Court of Appeals," N.C.G.S. § 35A-1115 (1987), "[i]n the appointment and removal of guardians, the appellate jurisdiction of the Superior Court is derivative and appeals present for review only errors of law committed by the clerk." *In re Simmons*, 266 N.C. 702, 707, 147 S.E.2d 231, 234 (1966). The judge's order indicates that he made no finding as to competency, but rather reviewed "a hearing pursuant to N.C.G.S. 35A-1290 to determine if the testamentary guardians, Ruby Lee Efird Almond and Mary Elizabeth Efird Tucker should be removed from their positions as said guardians of Carolyn Louise Efird." We find that as a matter of law, the clerk failed to proceed under Chapter 35A in adjudicating the incompetency of Carolyn Louise Efird, and that therefore the trial court, in its appellate review of the revocation of guardianship, did not address this error.

It may well be that the sisters of Carolyn Louise Efird feel that it is necessary or appropriate that Carolyn have a guardian to administer her life estate or manage any of her other affairs. If such is the case, they must proceed under Chapter 35A. We therefore vacate the order of the superior court and the previous orders of the clerk of court based on the erroneous determination and remand to the superior court for a hearing *de novo* on the issue of incompetency and the appointment of guardians, and if

necessary, on the interpretation of the will. All orders surrounding the incompetence of Carolyn Louise Efird are hereby vacated, and we remand this matter for a hearing consistent with the above opinion.

Vacated and remanded.

Judges COZORT and GREENE. concur.